IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Peraton Solutions Inc.,

        Plaintiff,

      v.

Military Bowl Foundation, Inc.,

        Defendant.

Civil Action No. 23-cv-01052

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PERATON SOLUTIONS INC.'S MOTION FOR A PRELIMINARY INJUNCTION**

Dated: April 14, 2023

James H. Hulme (DC Bar # 323014)
Laurel LaMontagne (DC Bar # 1613468)
ARENTFOX SCHIFF LLP
1717 K Street, NW
Washington, DC 20006

*Counsel for Plaintiff Peraton Solutions Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 4

      A.   The Parties and the Military Bowl ................................................................ 4

      B.   ██████████████████ ............................................................ 5

      C.   ██████████████████████████ ............................................. 8

LEGAL STANDARD ........................................................................................................... 11

ARGUMENT ....................................................................................................................... 12

      A.   Peraton is Likely to Succeed ███████████████ ............................. 12

      B.   Peraton Will Suffer Irreparable Harm Absent Preliminary Injunctive Relief ...... 15

      C.   The Balance of Equities Weighs in Peraton's Favor ........................................... 19

      D.   The Public Interest Favors Entry of Injunctive Relief .......................................... 20

CONCLUSION ..................................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Aamer v. Obama*,
   742 F.3d 1023 (D.C. Cir. 2014) ...................................................................................11

*Abdullah v. Obama*,
   753 F.3d 193 (D.C. Cir. 2014) .....................................................................................12

*Akiachak Native Cmty. v. Jewell*,
   995 F. Supp. 2d 7 (D.D.C. 2014) .................................................................................20

*Am. Meat Inst. v. U.S. Dep't. of Agric.*,
   968 F. Supp. 2d 38 (D.D.C. 2013) ...............................................................................19

*AT&T Mobility LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
   487 F. Supp. 2d 1370 (N.D. Ga. 2007), *vacated on other grounds,* 494 F.3d
   1356 (11th Cir. 2007) ...................................................................................................18

*Atlas Air, Inc. v. Int'l Bhd. of Teamsters*,
   280 F. Supp. 3d 59 (D.D.C. 2017), *aff'd*, 928 F.3d 1102 (D.C. Cir. 2019) ..............20

*BAE Indus., Inc. v. Agrati - Medina, LLC*,
   No. CV 22-12134, 2022 WL 4372923 (E.D. Mich. Sept. 21, 2022) ...........................17

*Basicomputer Corp. v. Scott*,
   973 F.2d 507 (6th Cir. 1992) .......................................................................................17

*BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*,
   425 F.3d 964 (11th Cir. 2005) .....................................................................................17

*Davis v. Pension Benefit Guar. Corp.*,
   571 F.3d 1288 (D.C. Cir. 2009) ...................................................................................11

*Devs. Sur. & Indem. Co. v. Bi-Tech Const., Inc.*,
   964 F. Supp. 2d 1304 (S.D. Fla. 2013) .......................................................................19

*Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of
   Am.*,
   412 F.2d 165 (D.C. Cir. 1969) .....................................................................................11

*Dun v. Transamerica Premier Life Ins. Co.*,
   442 F. Supp. 3d 229 (D.D.C. 2020), *aff'd*, 858 F. App'x 379 (D.C. Cir. 2021) .......13

*Eco Tour Adventures, Inc. v. Zinke*,
   249 F. Supp. 3d 360 (D.D.C. 2017) .............................................................................19

**TABLE OF AUTHORITIES**
**(continued)**

*Fox Sports Net West 2, LLC v. Los Angeles Dodgers LLC (In re Los Angeles Dodgers LLC),*
    465 B.R. 18 (D. Del. 2011) ................................................................................16

*J.D. v. Azar,*
    925 F.3d 1291 (D.C. Cir. 2019) .........................................................................11

*Lockheed Martin Corp. v. United States,*
    833 F.3d 225 (D.C. Cir. 2016) ...........................................................................19

*Mastercard Int'l Inc. v. Federation Internationale De Football Ass'n,*
    464 F. Supp. 2d 246 (S.D.N.Y. 2006), *rev'd in part on other grounds*, 239
    Fed. App'x 625 (2d Cir. 2007) ...............................................................15, 16, 17

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz,*
    298 F. Supp. 2d 27 (D.D.C. 2002) .....................................................................20

*Mexichem Specialty Resins, Inc. v. EPA,*
    787 F.3d 544 (D.C. Cir. 2015) ...........................................................................15

*Morgan Stanley DW Inc. v. Rothe,*
    150 F. Supp. 2d 67 (D.D.C. 2001) .....................................................................19

*Nat'l Ass'n of Postmasters of U.S. v. Hyatt Regency Washington,*
    894 A.2d 471 (D.C. 2006) ..................................................................................14

*Optinrealbig.com, LLC v. Ironport Sys., Inc.,*
    323 F. Supp. 2d 1037 (N.D. Cal. 2004) .......................................................16, 18

*Parham v. Dist. of Columbia,*
    CV 22-2481, 2022 WL 17961250 (D.D.C. Dec. 27, 2022) ...............................11

*Patriot, Inc. v. U.S. Dep't of Hous. & Urban Dev.,*
    963 F.Supp. 1 (D.D.C. 1997) .............................................................................17

*Robert Half Int'l Inc. v. Billingham,*
    315 F. Supp. 3d 419 (D.D.C. 2018) ...................................................................20

*Sherley v. Sebelius,*
    644 F.3d 388 (D.C. Cir. 2011) ...........................................................................11

*W. Sur. Co. v. U.S. Eng'g Co.,*
    211 F. Supp. 3d 302 (D.D.C. 2016) ...................................................................13

## TABLE OF AUTHORITIES
### (continued)

*Watson v. Perdue*,
  410 F. Supp. 3d 122 (D.D.C. 2019) ...........................................................................16

*Wetzel v. Capital City Real Estate, LLC*,
  73 A.3d 1000 (D.C. 2013) .........................................................................................12

*Whole Foods Mkt. Group, Inc. v. Wical Ltd. P'ship*,
  288 F. Supp. 3d 176 (D.D.C. 2018) ...........................................................................16

*Wilson v. Hayes*,
  77 A.3d 392 (D.C. 2013) ...........................................................................................13

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008)........................................................................................................11

*Zervas v. Dist. of Columbia,*
  CIV. A. 91-117 SSH, 1992 WL 232089 (D.D.C. July 10, 1992) ...........................16

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Civil Rules 7 and 65.1, Plaintiff Peraton Solutions Inc. ("Peraton") respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Preliminary Injunction.

## PRELIMINARY STATEMENT

This case arises from an



.[1] MBF cancelled the December 2020 and December 2021 Military Bowls as a result of the COVID pandemic. MBF operated the December 2022 Military Bowl,

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

As a result of MBF's cancellation of the 2020 and 2021 Military Bowls due to the COVID

pandemic, ████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████

Peraton satisfies each of the requirements for preliminary injunctive relief. First, the evidence demonstrates a likelihood of success on the merits ████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

Preliminary injunctive relief is warranted to preserve the status quo while ████████████ ████████████ is resolved on the merits.

Second, absent an injunction, Peraton will be irreparably harmed. ████████████████
████████████████████████████████████████████████████
████████████████████████ Courts have held that ████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████

Third, the balancing of equities favors entry of a preliminary injunction. Absent an injunction, Peraton faces irreparable harm outweighing any cognizable harm to MBF. ████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████

Peraton therefore respectfully requests entry of a preliminary injunction substantially in the form of the order submitted with its Motion.

## STATEMENT OF FACTS

### A.     The Parties and the Military Bowl

The Military Bowl is a post-season Division 1 college football bowl game sanctioned by the National Collegiate Athletic Association and operated by MBF. Verified Complaint ("Compl.") ¶ 12. The first Military Bowl was held in December 2008. *Id.* ¶ 13. Starting in 2014 and continuing through the present, the Military Bowl features teams from the American Athletic Conference and the Atlantic Coast Conference. *Id.* The Military Bowl is the only Division 1 college football post-season bowl game played in the National Capital Region, at Navy-Marine Memorial Stadium in Annapolis, Maryland. *Id.* ¶ 1.

The Military Bowl has been held annually in the Washington, D.C. metropolitan area in December each year, excluding 2020 and 2021. *Id.* ¶ 13. The Military Bowl is televised by ESPN. *Id.* ¶ 19 ██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████  The Military Bowl is itself unique from other postseason college football bowl games because of its emphasis on the United States military and its location in the National Capital Region. *Id.* ¶ 15.

-4-

On December 21, 2020, MBF announced that it was cancelling the 2020 Military Bowl because of an inability to secure teams because of the COVID pandemic. *Id*. ¶ 17. On December 26, 2021, MBF announced that it was cancelling the 2021 Military Bowl because of COVID issues with the Boston College team that was scheduled to play in the game. *Id*.

The December 2022 Military Bowl, officially titled the "Military Bowl presented by Peraton," was held at the Navy–Marine Corps Memorial Stadium in Annapolis, Maryland and attended by approximately 17,974 people. *Id*. ¶ 18. The 2022 Military Bowl was watched by approximately 2.16 million viewers on ESPN. *Id*. ¶ 19. MBF plans to hold its 2023 Military Bowl in December 2023 at the Navy-Marine Corps Memorial Stadium in Annapolis, Maryland. *Id*. ¶ 20.

**B.** ███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

Peraton is a national security and technology company based in Virginia that primarily supports U.S. Department of Defense and intelligence agency customers. *Id*. ¶ 7. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

---

[2]    In 2021, Peraton Corp. acquired Perspecta Inc. and all of its subsidiaries. Perspecta Inc. was later renamed Peraton Solutions Inc. to better align the entity name with its new Peraton ownership and branding. Compl. n.1.







**C.**    ████████████████████████████████

MBF cancelled the 2020 and 2021 Military Bowls because of the COVID pandemic.

Compl. ¶ 34. ████████████████████████████████████████████████

████████████████████████████████████████████████████

3 ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███





████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

## LEGAL STANDARD

The primary purpose of a preliminary injunction is to preserve the object of the controversy in its then-existing condition. *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014). In other words, to preserve the status quo ante, i.e., "the last uncontested status which preceded the pending controversy." *Dist. 50, United Mine Workers of Am. v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969). A party seeking a preliminary injunction must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest. *J.D. v. Azar*, 925 F.3d 1291, 1325 (D.C. Cir. 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

"The four factors have typically been evaluated on a sliding scale." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009). Under this sliding-scale framework, "i[f] the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id.* at 1291-92. Under the sliding-scale approach, if the movant makes a strong showing on other factors, then it needs to show only

-11-

a "serious legal question" on the merits rather than a likelihood of success. *Sherley v. Sebelius*, 644 F.3d 388, 398 (D.C. Cir. 2011).[4]

Ultimately, the question is whether the movant has shown that all four factors, taken together, weigh in favor of preliminary injunctive relief. *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014). For the following reasons, Peraton has established that it is entitled to preliminary injunctive relief.

## ARGUMENT

**A.**     **Peraton is Likely to Succeed on its** ████████████████



████████████████████████████████ The elements of a

_____

[4]     Numerous cases in this District have questioned whether the "sliding-scale" approach remains viable following the Supreme Court's decision in *Winter*. *See, e.g.*, *Parham v. Dist. of Columbia*, CV 22-2481 (CKK), 2022 WL 17961250, at *3 (D.D.C. Dec. 27, 2022). Regardless, Peraton satisfies either approach.



- 

In letter correspondence preceding this lawsuit, MBF has raised several contrived arguments that Peraton anticipates it will raise again in response to this Memorandum.

-13-



**B.**    <u>**Peraton Will Suffer Irreparable Harm Absent Preliminary Injunctive Relief**</u>

To constitute "irreparable harm," the movant's injury must be "both certain and great, actual and not theoretical, beyond remediation, and of such imminence that there is a clear and present need for equitable relief." *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015) (internal quotation marks and citation omitted). Absent injunctive relief, Peraton will experience irreparable harm for at least four interrelated reasons.

-15-



Second, unless MBF is preliminary enjoined, ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████

████████████████████████████████
████████████████████████████████
████████████████████████████████
███

██████████████████

Fourth, unless MBF is preliminarily enjoined, ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████ The harm that Peraton will suffer is irreparable and imminent

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

## C.   The Balance of Equities Weighs in Peraton's Favor

This inquiry "involves consider[ing] the effect on each party of the granting or withholding of the requested relief." *Am. Meat Inst. v. U.S. Dep't. of Agric.*, 968 F. Supp. 2d 38, 81 (D.D.C. 2013). The balancing of equities weighs decidedly in Peraton's favor.

In balancing the equities, courts often discount any alleged injury that is self-inflicted. *Lockheed Martin Corp. v. United States*, 833 F.3d 225, 240 (D.C. Cir. 2016) (rejecting government's "double-payment concern" as to an agreement made with private contractor under CERCLA because "it [wa]s a problem of the government's own making"); *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 389 (D.D.C. 2017) (finding none of defendant's arguments persuasive on the balancing of equities because they were all "problems of its own making").

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

On the other hand, ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████

**D.**     <u>**The Public Interest Favors Entry of Injunctive Relief**</u>

This Court has frequently found that the public interest is served by holding parties to their contractual obligations. *Robert Half Int'l Inc. v. Billingham*, 315 F. Supp. 3d 419, 435 (D.D.C. 2018) ("The public has an interest in enforcing contractual agreements . . . ."); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz,* 298 F. Supp. 2d 27, 34-35 (D.D.C. 2002) ("[T]he public interest is served by … enforcing valid contractual provisions, to which parties have voluntarily entered."); *See also Akiachak Native Cmty. v. Jewell,* 995 F. Supp. 2d 7, 18 (D.D.C. 2014) ("The public interest is best served when established contract … rights are enforced.") (internal citations omitted).



**CONCLUSION**

For the foregoing reasons, Peraton respectfully requests entry of a preliminary injunction substantially in the form of the order submitted with its Motion.

Dated: April 14, 2023

ArentFox Schiff LLP


By: */s/ James H. Hulme*
    James H. Hulme (DC Bar # 323014)
    Laurel LaMontagne (DC Bar # 1613468)
    James.Hulme@arentfox.com
    Laurel.LaMontagne@arentfox.com
    1717 K Street, NW
    Washington, DC 20006
    Telephone: 202.802.9582
    Facsimile:   202.857.6395

    Attorneys for Plaintiff Peraton Solutions Inc.